[Cite as *State v. Shannon*, 2016-Ohio-4602.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-T-0039** |
| MARQUES JAMES SHANNON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 2015 CR 00863.

Judgment: Appeal dismissed.

*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Marques James Shannon, pro se,* PID: A681-663, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} This matter is before this court on the pro se motion for leave of appellant, Marques James Shannon, to file a delayed appeal, pursuant to App.R. 5(A). Along with his motion, appellant filed his notice of appeal in the trial court on April 25, 2016. Appellant appeals from the trial court's entry of March 3, 2016 sentencing him to serve three years in prison after he pleaded guilty to felonious assault, domestic violence and resisting arrest.

{¶2} A timely notice of appeal from the entry was due no later than April 4, 2016, which was not a weekend or a holiday. Therefore, appellant's appeal is untimely by 21 days.

{¶3} Appellee, the state of Ohio, filed a response in opposition to the motion for delayed appeal on April 28, 2016.

{¶4} App.R. 4(A)(1) states in relevant part:

{¶5} "* * * [A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶6} App.R. 5(A) provides:

{¶7} "After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶8} "(a) Criminal proceedings;

{¶9} "(b) Delinquency proceedings; and

{¶10} "(c) Serious youthful offender proceedings.

{¶11} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals."

{¶12} In the motion, appellant asserts the following reasons for filing an untimely appeal: 1) the trial court failed to advise him of his right to appeal and a right to appointed appellate counsel; 2) his trial counsel also failed to inform him that he had a

constitutional right to appeal and for appointment of counsel; and 3) he was made aware of these rights on April 19, 2016 by an inmate law clerk.

{¶13} However, as indicated in appellee's response in opposition to the motion, objection to the motion, page seven of appellant's March 3, 2016 signed guilty plea states: "My attorney has advised me that I may only be able to appeal the imposition of a maximum sentence or other procedural issues regarding this plea. I also understand my other limited appellate rights that have been explained to me by the Court, and that I must file an appeal within thirty (30) days of my sentence."

{¶14} Appellant's reasons for filing an untimely appeal are based on not being told that he could appeal, which is refuted by his signed guilty plea where he was clearly advised of his limited appellate rights.

{¶15} Therefore, appellant's motion for leave to file a delayed appeal is hereby overruled.

{¶16} Appeal dismissed.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.